UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:16-cv-01486-SPM ) |
| KARIN BOURISAW, | ) ) |
| Defendant. | ) ) ) |
| _____ | ) ) |
| KARIN BOURISAW, | ) ) |
| Third Party Plaintiff, | ) ) |
| v. | ) ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) |
| Third Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff Allied Property and Casualty Insurance Company ("Allied") against defendant Karin Bourisaw ("Bourisaw"). (Doc. 7). No opposition was filed.[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S. § 636. (Doc. 24). For the reasons stated below, the Court will grant Allied's motion for summary judgment.

---

[1] Bourisaw's response to the motion for summary judgment was initially due on May 8, 2017. (Doc. 27). On June 2, 2017, the Court granted Bourisaw until June 16, 2017 to file a response. (Doc. 29). Bourisaw did not file a response.

1

## I. FACTUAL BACKGROUND

The facts are not in dispute. On July 17, 2014, Bourisaw was injured in a car accident while a passenger in a vehicle owned by Allied's insured, Penny Carlyon. Bourisaw alleges that the accident was caused by the other driver involved ("the tortfeasor"). The limit of the tortfeasor's liability policy was $100,000, and Bourisaw recovered the full limit of the tortfeasor's insurance policy. Bourisaw then sought underinsured motorist coverage pursuant to a policy issued by Allied to Penny Carlyon ("the Policy") for her remaining injuries. The limit of liability for underinsured motorist coverage under the Policy is $100,000.

Allied filed the instant action for a declaratory judgment against Bourisaw, seeking a declaration that Bourisaw is not entitled to coverage under the Policy because the tortfeasor's vehicle does not qualify as an "underinsured motor vehicle" under the Policy. Bourisaw filed a counterclaim for declaratory judgment against against Allied, asking the Court to declare that she is entitled to coverage under the Policy.[2] Allied now moves for summary judgment on its claim and Bourisaw's counterclaim. (Doc. 7).

## II. LEGAL STANDARD

The applicable standards for summary judgment motions are well settled. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Progressive Cas. Ins. Co. v. Morton*, 140 F. Supp. 3d 856, 860 (E.D. Mo. 2015) (quoting *Celotex*

---

[2] Bourisaw also filed a third-party complaint against State Farm Mutual Automobile Insurance Company. That third-party complaint is not at issue in the instant motion.

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant meets its burden, then the burden shifts to the nonmovant to submit evidentiary materials that "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotation marks omitted).

## III. DISCUSSION

In its motion for summary judgment, Allied argues that Bourisaw is not entitled to underinsured motorist coverage under the Policy because the Policy's definition of "underinsured motor vehicle" does not apply to the tortfeasor's vehicle here. The "Underinsured Motor Vehicle Coverage" section of the Policy states:

### I. UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

> A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":
> 1. Sustained by an "insured"; and
> 2. Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".
>
> ∗∗∗
>
> C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

Allied contends that because the limit of liability under the tortfeasor's policy is $100,000 and the Policy's limit of liability for underinsured motorist coverage is also $100,000, the tortfeasor's vehicle does not qualify as one whose "limit for bodily injury liability is less than the limit for this coverage."

Under Missouri law, which applies in this diversity case, the rules governing the interpretation of insurance policies are well settled. "The general rules for interpretation of

3

contract apply to insurance contract as well." *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. 2007) (quoting *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 301-02 (Mo. 1993). A court must give the contract's terms their plain and ordinary meaning, unless a term is defined in the policy or is ambiguous. *See Bolinger v. Clarks Fork Mut. Ins. Co.*, 485 S.W.3d 803, 808 (Mo. Ct. App. 2016). A court should apply "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. 2010) (quoting *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. 2007).

The issue raised in Allied's motion has already been squarely addressed by both the Missouri Supreme Court and the Eighth Circuit. In *Rodriguez v. General Accident Insurance Co. of America*, 808 S.W.2d 379 (Mo. 1991), the Rodriguezes were injured in an accident and collected from the tortfeasor's insurance policy $50,000—the limits of liability of that policy. *Id.* at 380. The Rodriguezes then sought coverage from their own insurer based on their own policy's underinsured motorist coverage, which also had a policy limit of $50,000. *Id.* The Rodriguez's policy defined "underinsured motor vehicle" as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." *Id.* at 381. The Missouri Supreme Court held:

> The contract between [the insurer] and the Rodriguezes clearly states that an underinsured motor vehicle is a vehicle whose limits for bodily injury liability are "less than the limit of liability for this coverage." By their own admission, the Rodriguezes acknowledge that [the tortfeasor's] liability insurance coverage was $50,000. Since [the tortfeasor]'s coverage is equal to the limit of liability under the Rodriguezes' policy, [the tortfeasor] was not an underinsured motorist as defined by the Rodriguezes' policy.

*Id.* at 382. The Missouri Supreme Court expressly rejected the Rodriguezes' argument that the definition of "underinsured motor vehicle" in the policy was inherently ambiguous. *Id.*

Similarly, in *Owners Insurance Co. v. Hughes*, 712 F.3d 392, 395 (8th Cir. 2013), the plaintiff was injured in an accident and collected from the tortfeasor's insurance policy the $100,000 limit of that policy. *Id.* at 393. The plaintiff then sought coverage from her own insurance policy's underinsured motorist coverage, which also had a limit of $100,000. *Id.* at 394. Her policy defined "underinsured automobile" in relevant part as "an automobile to which a bodily injury liability bond or liability insured policy applies at the time of the occurrence . . . [and] . . . . such limits of liability are less than those stated in the Declarations for Underinsured Motorist Coverage." *Id.* The court held that "the Owners policy's underinsured motorist coverage does not cover Hughes's claim because [the tortfeasor]'s liability insurance bodily injury limit was not 'less than' $100,000 as required by the policy's unambiguous definition of 'underinsured automobile.'" *Id.* at 396.

*Rodriguez* and *Hughes* are directly on point here. The definition of underinsured motor vehicle in the Policy here is identical to the one in *Rodriguez* and is substantively identical to the one in *Hughes*. As in those cases, the tortfeasor's policy limits here are not "less than" the underinsured motor vehicle coverage in the policy at issue, because the tortfeasor's policy limit and the Allied Policy's underinsured motorist coverage policy limit are both $100,000. Bourisaw makes no attempt to distinguish these cases and does not point to any other provisions in the Policy that might render that definition ambiguous or might grant coverage to her on some other basis. Thus, the tortfeasor's vehicle is not an underinsured motor vehicle, and Bourisaw is not entitled to underinsured motorist coverage under the Policy. Allied's motion for summary judgment is granted.

### IV. CONCLUSION

For all of the above reasons, the Court finds that Bourisaw is not entitled to underinsured motorist coverage under the Policy. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Allied Property and Casualty Insurance Company's Motion for Summary Judgment (Doc. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Karen Bourisaw's Counterclaim against Plaintiff Allied Property and Casualty Insurance Company is **DISMISSED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of July, 2017.